IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF KENTUCKY
LEXINGTON DIVISION
*(Electronically Filed)*

| | |
|---|---|
| VICTORIA LIVINGOOD | ) |
| | ) |
| PLAINTIFF, | ) |
| | ) |
| v. | ) CIVIL ACTION NO. 5:23-cv-00342-DCR |
| | ) |
| WALMART, INC. | ) |
| | ) |
| DEFENDANT. | ) |

## ANSWER TO COMPLAINT

\*\*\* \*\*\* \*\*\*

Defendant, Walmart, Inc. ("Walmart" or "Defendant"), submits its Answer to the Complaint (hereinafter "Complaint") of Plaintiff, Victoria Livingood ("Plaintiff").

1. Defendant is without sufficient information or knowledge to either admit or deny the allegations in Paragraph 1 of the Complaint, and therefore, such allegations are denied.

2. The allegations in Paragraph 2 are legal conclusions to which no response is required. To the extent a response is required, Defendant admits that it employed Plaintiff. Defendant denies the remaining allegations in Paragraph 2.

3. The allegations in Paragraph 3 of the Complaint are legal conclusion to which no response is required. To the extent a response is required, Defendant denies that Plaintiff was a qualified individual with a disability within the meaning of KRS 344.030.

4. The allegations contained in Paragraph 4 of the Complaint are legal conclusions to which no response is required. To the extent a response is required, Defendant admits that it employed Plaintiff. Defendant denies the remaining allegations in Paragraph 4.

5. Defendant is without sufficient information or knowledge to either admit or deny the allegations in Paragraph 5 of the Complaint and, therefore, such allegations are denied.

6. Defendant denies the allegations in Paragraph 6 of the Complaint. By way of further response, Defendant states Plaintiff began her employment at the Walmart location in Paris, Kentucky on July 4, 2020.

7. Defendant admits the allegations in Paragraph 7 of the Complaint. By way of further response, Defendant states Plaintiff had the same position as a Front-End Associate but was assigned to different locations on the front end of the store.

8. Defendant admits the allegations in Paragraph 8 of the Complaint to the extent that Plaintiff requested to use a stool to sit on during her work hours. Defendant denies the remaining allegations in Paragraph 8.

9. Defendant denies the allegations in Paragraph 9 of the Complaint.

10. Defendant admits the allegations in Paragraph 10 of the Complaint to the extent that she requested and received multiple stools. Defendant denies the remaining allegations in Paragraph 10.

11. Defendant denies the allegations in Paragraph 11 of the Complaint.

12. Defendant denies the allegations in Paragraph 12 of the Complaint.

13. Defendant denies the allegations in Paragraph 13 of the Complaint.

14. Defendant admits that Plaintiff was terminated pursuant to the Company's progressive disciplinary policy which including multiple policy violations including cussing at customers and numerous violations of the Defendant's meal break policy. Defendant denies that her termination occurred on April 13, 2023, and further, states Plaintiff's termination occurred on

April 21, 2022. Defendant further denies the remaining allegations in Paragraph 14 of the Complaint.

15. Defendant denies the allegations in Paragraph 15 of the Complaint.

## COUNT I

## KRS 344.040 (1)

16. Defendant restates, reaffirms, and incorporates by reference its responses to Paragraphs 1 through 15 of the Complaint as though fully set forth herein.

17. The allegations in Paragraph 17 of the Complaint are legal conclusion to which no response is required. To the extent a response is required, Defendant denies that Plaintiff was a qualified individual with a disability within the meaning of KRS 344.030.

18. The allegations in Paragraph 18 of the Complaint are legal conclusions to which no response is required.

19. Defendant admits the allegations in Paragraph 19 of the Complaint to the extent that Plaintiff requested an accommodation to use a stool to allow her to perform her job duties and was provided such. Defendant denies the remaining allegations in Paragraph 19.

20. Defendant denies the allegations in Paragraph 20 of the Complaint.

21. Defendant denies the allegations in Paragraph 21 of the Complaint.

22. Defendant denies the allegations in Paragraph 22 of the Complaint.

23. To the extent Defendant has not specifically admitted above any of the allegations in the Complaint, such allegations are denied.

24. Defendant further denies that Plaintiff is entitled to the damages sought and the relief requested in her Complaint.

## AFFIRMATIVE AND OTHER DEFENSES

### FIRST DEFENSE

Plaintiff's Complaint, in whole or in part, fails to state a claim or cause of action upon which relief can be granted.

### SECOND DEFENSE

All of Defendant's actions with respect to the Plaintiff were taken for legitimate, non-discriminatory, and non-retaliatory reasons, and all of Defendant's actions were made in good faith and without malice or reckless desire to harm the Plaintiff. All managerial actions were undertaken and exercised with good cause, and for proper, lawful business reasons and necessity, which were not a pretext for discrimination or retaliation.

### THIRD DEFENSE

Some or all of Plaintiff's claims against Defendant are barred, in whole or in part, by the doctrines of waiver, release, estoppel, equitable estoppel, unclean hands, consent, laches, fraud, accord and satisfaction, and/or any other equitable defense, bar, prohibition and/or limitation upon recovery of any kind or nature, whether existing in statute and/or by common law.

### FOURTH DEFENSE

Plaintiff's claims are barred, in whole or in part, to the extent he failed to adequately exhaust his administrative remedies.

### FIFTH DEFENSE

Plaintiff unreasonably failed to comply with applicable employment requirements, policies, and procedures.

## SIXTH DEFENSE

Plaintiff cannot establish a *prima facie* case of unlawful disability discrimination against Defendant. Even if Plaintiff can set forth the elements of a *prima facie* case of disability discrimination, she cannot demonstrate pretext.

## SEVENTH DEFENSE

Even assuming Plaintiff met the definition of a "qualified individual with a disability," Defendant did not fail to provide a reasonable accommodation. Defendant is not obligated to provide accommodations that are an "undue hardship" under the Kentucky Civil Rights Act, 344.010 *et seq*.

## EIGHTH DEFENSE

Plaintiff is not entitled to recover punitive damages. Punitive damages are not available remedies for some or all of Plaintiff's claims. Moreover, Defendant's actions were not willful, malicious, and without justification. To the extent Plaintiff's Complaint seeks to make Defendant liable for punitive damages, Defendant adopts by reference whatever defenses, criteria, limitations and standards are mandated by the United States Supreme Court's decision in *BMW of North America, Inc. v. Gore*, 116 S. Ct. 1589 (1996). There are no adequate safeguards with respect to the imposition of punitive damages against Defendant as presently applied to meet the requirements of due process of law under the Fourteenth Amendment of the Constitution of the United States. Accordingly, the imposition of punitive damages in this case against Defendant would violate that Amendment of the Constitution of the United States.

## NINTH DEFENSE

Some or all of Plaintiff's claims are barred to the extent they involve any transaction or events and/or seek damages for any periods outside of the applicable statutory limitations period.

FP 48953021.2

## TENTH DEFENSE

Some or all of Plaintiff's alleged damages, the existence of which Defendant denies, may be barred in whole or in part, by the doctrine of after-acquired evidence.

## ELEVENTH DEFENSE

Plaintiff's claims for relief are barred and/or limited to the extent she failed to act reasonably to mitigate the damages she allegedly sustained.

## TWELFTH DEFENSE

Plaintiff was not employed pursuant to a contract of employment that limited the terminable at-will status in any manner, including, any limitation to terminating employment pursuant to a specific time frame or under the condition of any "for cause" basis. Defendant's documents and employment policies contained disclaimer language negating the formation of any contract contrary to the employment terminable at-will relationship.

## THIRTEENTH DEFENSE

Defendant hereby gives notice that it intends to rely upon affirmative defenses that may become available or apparent during the course of discovery and, therefore, incorporates by reference each and every affirmative defense available to it pursuant to Fed. R. Civ. P. 8(c) and 12(b) which discovery might reveal to be appropriate, and specifically reserves the right to amend and supplement its Answer, file further pleadings, and assert additional claims and defenses as supported by the evidence during and following discovery.

**WHEREFORE**, Defendant demands and prays for judgment as follows:

A. That Plaintiff's Complaint and each allegation contained therein be dismissed with prejudice;

B. That judgment be awarded in favor of Defendant;

  C. For judgment against Plaintiff awarding Defendant its costs and expenses incurred in this action, including reasonable legal costs and attorneys' fees; and

  D. Any and all other relief to which Defendant may appear entitled.

            Respectfully submitted,

            */s/ Emily N. Litzinger*
            Emily N. Litzinger
            Erin M. Shaughnessy
            Fisher & Phillips LLP
            220 West Main Street, Suite 1700
            Louisville, Kentucky  40202
            Phone:  (502) 561-3990
            Fax:  (502) 561-3991
            E-mail:  elitzinger@fisherphillips.com
                eshaughnessy@fisherphillips.com

            COUNSEL FOR DEFENDANT

## CERTIFICATE OF SERVICE

I hereby certify that on the 26th day of December, 2023, I electronically filed the foregoing *Answer to Complaint* with the clerk of the court by using the CM/ECF System, which arranges for electronic service to the following:

 Edward E. Dove
 2424 Harrodsburg Road, Suite 205
 Lexington, Kentucky 40507
 Telephone: 859-252-0020
 Facsimile:  859-258-9288
 Email: eddove@windstream.net

 Hanna L. Stettner, Esq.
 103 Court Street
 Cynthiana, KY 41031
 Telephone: 859-234-6439
 Facsimile: 859-234-5134
 Email: stettnerhanna@gmail.com

 *COUNSEL FOR PLAINTIFF*

FP 48953021.2

*/s/ Emily N. Litzinger*
COUNSEL FOR DEFENDANT

FP 48953021.2